**Lynne FEIGENBAUM, Appellant**

v.

**MERRILL LYNCH & CO., INC. Basic Long Term Disability Plan and its Plan Administrator; Merrill Lynch & Co., Inc. Supplemental Long Term Disability Plan and its Plan Administrator; Metropolitan Life Insurance Co.; Plan Administrators of the Merrill Lynch Retirement Plan, Health Insurance Plan, and Life Insurance Plan; Merrill Lynch & Co., Inc.; Corporations 1–30, fictitious Defendants.**

---

**Amended per Clerk's Order dated 10/1/07.**

No. 07–3573.

United States Court of Appeals, Third Circuit.

Argued: Jan. 15, 2009.

Opinion Filed: Feb. 2, 2009.

———

Kevin E. Barber, Esq. (Argued), Niedweske Barber, Morristown, NJ, for Appellant.

Randi F. Knepper, Esq. (Argued), McElroy, Deutsch, Mulvaney & Carpenter, Newark, NJ, for Appellees.

Before: SLOVITER, BARRY, and SILER, JR.,* Circuit Judges.

## OPINION

BARRY, Circuit Judge.

Appellant Lynne Feigenbaum, a former employee of appellee Merrill Lynch & Co., Inc., participated in Merrill Lynch's ERISA-based Basic and Supplemental Long Term Disability Plans. At times relevant to this appeal, Merrill Lynch, as the plan administrator, delegated responsibility for claims administration to appellee Metropolitan Life Insurance Co. Feigenbaum applied for and received benefits under both plans in 2001. After an independent physician review in December 2003, MetLife terminated her benefits, finding, among other things, that she had failed to submit documentation of an impairment that would prevent her from her work as a financial analyst. After Feigenbaum's appeal of this decision was denied, she filed suit under 29 U.S.C. § 1132(a)(1)(B). Following limited discovery and extensive argument on the cross-motions for summary judgment, by Opinion and Order dated August 2, 2007, 2007 WL 2248096, the District Court granted defendants' motion.

We, too, have heard extensive argument and have considered the parties' written submissions, including those addressed to the fairly recent decision of the Supreme Court in *Metropolitan Life Insurance Co. v. Glenn,* —— U.S. ——, 128 S.Ct. 2343,

---

* The Honorable Eugene E. Siler, Jr., Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

171 L.Ed.2d 299 (2008), with its "combination-of-factors method of review." Suffice it to say that the evidence that Feigenbaum's reported vertigo has a physiological basis supporting the presence of a significant balance disorder preventing full-time work was sparse. Moreover, Feigenbaum failed to submit any additional medical documentation in support of her appeal from the termination of benefits. We conclude, therefore, that the decision to terminate those benefits was not so close that any alleged procedural errors unaddressed by the District Court might tip the scales in favor of reversal or were other than harmless. As the Eighth Circuit concluded in a similar case which hewed closely to *Glenn,* "there is not a sufficiently close balance for the conflict of interest to act as a tiebreaker in favor of finding that [MetLife] abused its discretion." *Wakkinen v. UNUM Life Ins. Co. of Am.,* 531 F.3d 575, 582 (8th Cir.2008).

We will affirm the judgment of the District Court.